UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
In re

    The Law Firm of Frank R. Bayger, P.C.      Case No. 02-11538 K

                      Debtor
---------------------------------------------------------------

OPINION AND ORDER OVERRULING
DEBTOR'S REQUEST FOR A HEARING

        The office of the Clerk of Court has brought to my attention an "objection" filed by the Debtor. Because it objects to the Trustee's request to be discharged as Trustee, the objection is governed by Rule 5009(a), F.R.B.P. Neither the Rule nor the Advisory Committee Note thereto provides guidance to the Clerk as to what should be done when such an objection is filed. Hence the Clerk's request for direction.

        The objection requests that "an evidentiary hearing be set at which proof may be rendered of the negligent and improper acts of the Trustee and the former trustee." However, after examining the Rule, the Advisory Committee Notes to the Rule, and Chapter 5009 of Collier on Bankruptcy 16th Ed., Volume 9, it is the Court's view that the proper scope of the Court's inquiry upon an objection to the Trustee's Final Report and Account and Request to be Discharged must be limited to the question of whether the Chapter 7 estate has been "fully administered." For example, has the Chapter 7 Trustee overlooked an asset needing administration? Has the Trustee failed to disburse all of the estate funds? Has he or she left a motion or an adversary proceeding pending even though such motion or adversary proceeding would

impact the distribution to creditors?  Etc.

The Court reaches this conclusion because it is not possible that the U. S. Judicial Conference's Rules Committees would have ignored the doctrine of "law of the case" when it granted 30 days to parties in interest to file an objection to the Trustee's Final Report and Request to be Discharged as Trustee.  Every step taken by the Trustees in this 12-year-old case became "law of the case" long ago.  In that regard, consequently, the Debtor's request for an evidentiary hearing at which proof may be rendered of the "improper acts" of the Trustees, seeks a form of relief not contemplated by any statute or by the applicable rule.

As to alleged "_negligent_ acts," the objection complains that the Trustees "negligently allowed contractual rights and benefits of the Debtor to be reduced in value by more than fifty percent (50%) resulting in losses to the estate of more than $1,500,000" and that the "Trustees have settled claims against the estate by paying invalid claims and by paying higher values to the claimants than what was justly due to the claimants."  Also, the "Trustees have breached their fiduciary duty to the Debtor by negligently overpaying claims and by undervaluing assets and agreeing to improper settlement of the value of assets."

In fact, all Rule 9019 settlements and compromises were heard on notice to the Debtor and Bayger and were approved by the Court, by Orders that are "law of the case." Furthermore, a Chapter 7 trustee has no fiduciary duty to a debtor in a surplus money case such as this (if ever).  A Trustee's fiduciary duty is to creditors.  All

creditors in this case were paid in full with interest. The Debtor's complaint that the Trustees here failed to object to certain proofs of claims for Bayger's benefit is contrary to the statute. 11 U.S.C. § 704(a)(5) states that the Trustee shall examine proofs of claims and object to the allowance of any claim that is improper (only) "if a purpose would be served," and in a case like this in which substantial monies were turned over to Bayger as the principal of the Debtor, no purpose would have been served by the Chapter 7 Trustee objecting to claims of creditors. Rather, that was the responsibility of the Debtor or its owner because only the Debtor or its owner could benefit from a successful claims objection. Mr. Bayger was repeatedly informed of this over the years by this Court, and indeed brought his own objection against the claim of the late Donald Dolson. Bayger and/or the Debtor had eleven years during which to object to the proofs of claims that were filed.[1]

Finally, the P.C. complains that the Trustees have mishandled assets and funds which were entrusted to them in their fiduciary capacity as Trustees. He cites no

---

[1] It is true that the Trustees did bring claims objections before it became evident that this could become a surplus-money case. At one point, Dolson took over the prosecution of the Trustees' objections because reducing the allowable claims against the Debtor would enhance Dolson's share of a finite estate, and/or facilitate a settlement. Dolson and the Trustees ceased prosecuting those claims objections when the Trustees accumulated sufficient assets to pay all creditors in full, with interest, so long as Dolson voluntarily deferred payment on his claim, as he offered to do. Bayger and the Debtor were free to take-up the reins of those claims objections and did not do so.

It may or may not be important that the specific claims objections that Dolson and his counsel (Mr. Pendergrass) pressed addressed debts that Bayger allegedly caused the Debtor P.C. to incur in possible violation of (and in possible contempt of) the U.S. Bankruptcy Court orders entered in Florida in Bayger's personal reorganization case. If Bayger was, in fact, in violation of those Orders, then (1) it is understandable that he chose not to take up prosecution of those objections, and (2) he is very fortunate that the Trustees and Dolson let their objections lapse so that the claims would be paid in full, with interest. (It was "pay me now or pay me later." Either those debts were payable from <u>this</u> estate (as they were in fact paid) or Bayger would have to face them in his Florida case.)

illustration. To the contrary, the office of the United States Trustee certified that it examined this final report and account and concluded that the estate was properly and fully administered.

The Court finds that the relief that the Debtor seeks in its Rule 5009(a) objection goes far beyond the scope of that Rule. The objection is overruled. The Clerk may submit the requisite order or orders in the normal course. (The present Decision merely rejects the request for a hearing. It will be appealable when the subject Orders are eventually entered.)

SO ORDERED.

Dated:   Buffalo, New York
         July 16, 2014

                                             s/Michael J. Kaplan
                                        _____
                                                  U.S.B.J.